DENNIS *v.* THE STATE.

JENKINS, Justice. 1. On the contention of self-defense, the verdict of murder was fully authorized.

2. Under the Code, § 26-1007, to be voluntary manslaughter, "the killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury in all cases shall be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." *Williams* v. *State,* 125 *Ga.* 302 (1-*a*), 304 (54 S. E. 108). Where, as in this case, under the State's evidence, after the deceased was retiring from the scene of a mutual combat with the defendant, and while both of his arms were being held by third persons, the defendant brained him from behind with the blade of an ax in the back of his head, a verdict of voluntary manslaughter would not be demanded upon the contention of the defendant that the homicide was committed after an actual assault upon him by the deceased, or in a mutual combat, or under "other equivalent circumstances," as provided by the statute. In such a case, "it was for the jury to determine whether the interval between the assault [or combat] and the homicide was sufficient for the voice of reason

and humanity to be heard." If the jury found it sufficient, as they did, the homicide would be murder; and a verdict so finding with a recommendation to mercy will not be disturbed on exceptions limited to the general grounds. *White* v. *State*, 118 *Ga.* 787 (45 S. E. 595); *Williams* v. *State*, 130 *Ga.* 400, 405 (60 S. E. 1053).

*Judgment affirmed. All the Justices concur.*

No. 11974. NOVEMBER 11, 1937.

*W. J. Wallace*, for plaintiff in error.

*M. J. Yeomans, attorney-general, Charles H. Garrett, solicitor-general, O. H. Dukes,* and *E. J. Clower,* contra.