EDWARDS *v.* THE STATE.

No. 16302.   September 7, 1948.   Rehearing denied October 13, 1948.

*Joseph E. Webb, P. J. Smith* and *Abit Nix,* for plaintiff in error.

*Eugene Cook, Attorney-General, D. M. Pollock, Solicitor-General* and *Dan P. Winn,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The accused insists that the evidence is not sufficient to support a verdict of murder, but that the evidence, at most, would support only a verdict of voluntary manslaughter or involuntary manslaughter. The evidence is sufficient to sustain the verdict. While there was evidence of a previous assault upon the accused by the deceased, yet the question of cooling time, as to whether the killing was the result of a sudden violent impulse of passion supposed to be irresistible, or whether it should be attributed to deliberate revenge, is always a question of which the jury in all cases shall be the judges. Code, § 26-1007; *Williams* v. *State,* 125 *Ga.* 302 (1) (54 S. E. 108); *Dennis* v. *State,* 184 *Ga.* 838 (2) (193 S. E. 887); *Napper* v. *State,* 200 *Ga.* 626 (1) (38 S. E. 2d, 269); *Ingram* v. State, 204 *Ga.* 164 (48 S. E. 2d, 891).

Whether the jury, under all the facts and in considering the age of the accused, should have convicted him of voluntary manslaughter, or have recommended mercy in connection with their verdict of guilty, is not within the province of this court to determine, even though we should disagree with the jury's application of the facts. This court is for the correction of errors of law, and where there is sufficient evidence to support a verdict, and

it has been approved by the trial judge, it is not within our power to set it aside.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*