Where there is evidence of a previous assault upon the accused by the deceased, whether the killing was the result of a sudden violent impulse of passion supposed to be irresistible, or whether it should be attributed to deliberate revenge, is always a question of which the jury in all cases shall be the judges.
 No. 16302. SEPTEMBER 7, 1948. REHEARING DENIED OCTOBER 13, 1948.
Willie James Edwards killed George Harvey Jr. by shooting him with a shotgun, and was convicted of murder without a recommendation. *Page 361 
They were riding on a milk truck and assisting in delivering milk in the City of Athens. The defendant was on the outside holding on to the truck, and the deceased was riding on the inside but on the same side as the defendant. H. H. Horton was driving. In some way the accused accidentally burned the deceased with a cigarette. When they arrived at Young's, H. H. Horton, the driver, got out of the truck to collect an account. Upon his return to the truck the accused and deceased were out on the ground tussling. When they got up the accused had some mud on his coat. Horton testified: "When they got up . . [accused] said, `You have got to clean my clothes,' and . . [deceased] said `No,' he wasn't going to clean them. As to whether they were fighting or playing, I don't know; . . they were laughing; . . they laughed and we went . . out to the Armour's tourist camp. . . That was two or three miles from where this tussle took place. It took us a couple of hours to make it. . . They were riding on the side of the truck and putting out milk. [The accused] . . said, `Carry me by home,' and that was customary . . and when we got there he jumped out of the truck and went in the house. The other boy [deceased] at that time was sitting in the truck with me and he was driving and I was sitting on the side. . . When [accused] came back out there, he said, `Are you going to have my coat cleaned?' and at that time he was standing at the truck and nobody saw him until he said that. . . He had a single-barreled shotgun in his hand. . . What [deceased] did was he got out of the truck. As to how far he had gotten out of the truck when the gun shot, it was about as far as from here to the court reporter. At that time the [accused] had hold of the gun. He had it pointed at [deceased]. . . [The deceased] caught hold of the gun. When the gun shot, it hit [deceased] . . in his right side. . . They did not begin to wrestle over the gun; [deceased] pulled down the gun and [accused] shot him in the side. . . When [deceased] got out of the truck, [accused] was pointing the gun at him; . . he continued to point the gun at him until [deceased] reached and grabbed the gun. He was pointing it and aiming it at him at that time. . . The part of the gun that [deceased] grabbed was the end of it; that is the only part of the gun [deceased] grabbed." Horton further testified: *Page 362 
that both of the boys had been working with him on the truck for several weeks, and so far as he knew there had never been a cross word between them; that both had been on the truck about six hours when the burning with the cigarette took place; and that the accused was sixteen years of age, and the deceased about the same age.
There was also evidence that after the tussle the deceased struck the accused with a milk bottle.
The court charged upon the law of murder, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act, and justifiable homicide.
The defendant's motion for a new trial as amended was overruled, and the case comes to this court for review upon his exceptions to that judgment.
The accused insists that the evidence is not sufficient to support a verdict of murder, but that the evidence, at most, would support only a verdict of voluntary manslaughter or involuntary manslaughter. The evidence is sufficient to sustain the verdict. While there was evidence of a previous assault upon the accused by the deceased, yet the question of cooling time, as to whether the killing was the result of a sudden violent impulse of passion supposed to be irresistible, or whether it should be attributed to deliberate revenge, is always a question of which the jury in all cases shall be the judges. Code, § 26-1007; Williams v.State, 125 Ga. 302 (1) (54 S.E. 108); Dennis v. State,184 Ga. 838 (2) (193 S.E. 887); Napper v. State, 200 Ga. 626
(1) (38 S.E.2d 269); Ingram v. State, 204 Ga. 164
(48 S.E.2d 891).
Whether the jury, under all the facts and in considering the age of the accused, should have convicted him of voluntary manslaughter, or have recommended mercy in connection with their verdict of guilty, is not within the province of this court to determine, even though we should disagree with the jury's application of the facts. This court is for the correction of errors of law, and where there is sufficient evidence to support a verdict, and *Page 363 
it has been approved by the trial judge, it is not within our power to set it aside.
Judgment affirmed. All the Justices concur, except Bell, J.,absent on account of illness.